**In re Annie BUTLER, SSN 443–52–1922, Debtor.**

**Bankruptcy No. 91–71592.**

United States Bankruptcy Court, E.D. Oklahoma.

March 20, 1992.

Robert Inglish, Okmulgee, Okl., for debtor.

Givens Adams, Oklahoma City, Okl., for Oklahoma Tax Com.

Mark Craige, Tulsa, Okl., for the Oklahoma Rural Rehabilitation Corp.

John T. McGuire, Washington, D.C., for the IRS.

## ORDER AND NOTICE OF TRIAL

JAMES E. RYAN, Bankruptcy Judge.

On March 11, 1992, this Court conducted a hearing pertaining to the Motion to Determine Secured Status of Oklahoma Rural Rehabilitation Corporation ("ORRC"), Dameco, Inc., Farmers Home Administration ("FHA"), Internal Revenue Service ("IRS"), Darrell A. McNutt ("McNutt") and Oklahoma Tax Commission ("OTC") filed by the Debtor on January 8, 1992 (Docket Entry No. 14) with objection thereto filed January 23, 1992 by ORRC (Docket Entry No. 21) and a Response to the Motion filed by the IRS on February 6, 1992 (Docket Entry No. 27). Appearances were entered at the hearing by Robert Inglish on behalf of the Debtor; Givens Adams for OTC; John McGuire for IRS; and Mark Craige on behalf of ORRC.

By previous Order, the Debtor and the IRS were ordered to file Briefs on the legal issue of the applicability of the recent supreme Court case of *Dewsnup v. Timm,* —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) upon the Debtor's Motion. These Briefs were timely filed and considered by this Court in this ruling.

After review of the Briefs submitted by the parties and consideration of the statements of counsel made at the hearing, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed.R.Bankr.P., in this core proceeding:

1. The Debtor filed the Motion to Determine Secured Status of the parties referenced herein on two tracts of real property located in Choctaw County, Oklahoma. It is undisputed that the IRS possesses a valid tax lien on this property. However, Debtor wishes to value the secured claim of the IRS and the other claimants possessing a security interest in the property in accordance with 11 U.S.C. § 506(a) and avoid the lien of these creditors for the unsecured portion of their claim pursuant to 11 U.S.C. § 506(d).

The Internal Revenue Service argues that in the recent *Dewsnup* case, the United States Supreme Court ruled that 506(a) and (d) are to be considered unrelated provisions and that therefore the only way to avoid the lien of the IRS is to pay its claim in full.

2. In the *Dewsnup* case, the Debtor filed a voluntary Chapter 7 liquidation case. The Supreme Court recognized that "[A]part from reorganization proceedings, see 11 U.S.C. §§ 616(1) and (10) (1976 ed.), no provision of the pre-Code statute permitted involuntary reduction of the amount of a creditor's lien for any reason other than payment on the debt." *Dewsnup v. Timm,* supra, 112 S.Ct. at p. 779. The Court

found nothing in § 506(d) intended to affect this theorem.

3. The Supreme Court also limits the precedential value of the *Dewsnup* decision by stating that "[H]ypothetical applications that come to mind and those advanced at oral argument illustrate the difficulty of interpreting the statute in a single opinion that would apply to all possible fact situations. We therefore focus upon the case before us and allow other facts to await their legal resolution on another day." *Dewsnup v. Timm*, supra, at p. 778. As a result of the Court's limiting language, we find the applicability of the *Dewsnup* rationale to be only in Chapter 7 liquidation cases and inapplicable to the other chapters of the Bankruptcy Code. To determine otherwise would, in essence, gut the sum and substance of the reorganization and rehabilitation of debt concept under the Bankruptcy Code. In such cases, the Debtor would propose a plan for repayment of creditors to the extent of the value of the property securing the creditor's claim, but would still owe the unsecured portion of the claim, post-confirmation, in order to obtain a release of the lien on said property. This would require all plans filed under Chapters 11, 12 and 13 to pay all creditors one hundred percent of their claims in order for the debtor to emerge from bankruptcy with a true "fresh start." Clearly, this has never been the purpose contemplated for § 506(d). See discussion in 3 *Collier on Bankruptcy*, ¶ 506.07, at 506–71 (15th ed. 1992). The reasoning of Justices Scalia and Souter in the dissent in the *Dewsnup* case, though not precedentially binding, is compelling, especially as it pertains to the applicability of the majority opinion in the *Dewsnup* case upon reorganization and debt adjustment.

IT IS THEREFORE ORDERED that the *Dewsnup* decision does not affect the Debtor's ability to value the secured claim of the IRS and avoid the lien on the unsecured portion of said claim.

IT IS FURTHER ORDERED that the parties submit a Pre–Trial Order, setting forth all witnesses and exhibits to be introduced at trial by each party, as well as the issues to be decided, no later than April 3, 1992.

IT IS FURTHER ORDERED that a Trial be conducted pertaining to the Debtor's Motion to Value Secured Claims (Docket Entry No. 14) on April 7, 1992 at 1:30 p.m.