In re BLUE PACIFIC CAR WASH, INC., Debtor.

BLUE PACIFIC CAR WASH, INC., Plaintiff,

v.

ST. CROIX COUNTY, City of Hudson, Midamerica Bank of Hudson, State of Wisconsin (Dilhr), United States of America (IRS), State of Wisconsin (Dept. of Revenue), and Brady Mechanical Srcs., Defendants.

No. 92–C–747–S.

United States District Court, W.D. Wisconsin.

Nov. 12, 1992.

Daniel R. Freund of Jordan & Wachs, Eau Claire, WI, for plaintiff.

Raymond Mulera, U.S. Dept. of Justice, Washington DC, for the U.S.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Appellant United States of America brings this appeal from the final order of the Bankruptcy Court voiding appellant's tax lien. Jurisdiction is based upon 28 U.S.C. § 158(a). The parties agree that no issues of fact are presented by this appeal and, therefore, the Court conducts a *de novo* review.

## BACKGROUND

Appellant holds a perfected tax lien for a claim of approximately $41,000 on certain real property of the debtor Blue Pacific Car Wash, Inc. The value of the real property is approximately $302,000. The value of liens on the property prior to appellant's is in excess of $500,000.

A hearing was held on February 18, 1992 before the Bankruptcy Court on the debtor's motion to avoid appellant's lien pursuant to §§ 506(a) and (d) of the Bankruptcy Code. The Bankruptcy Court held that § 506 could be used to void undersecured liens in the context of a Chapter 11 proceeding. In so ruling it limited the holding of *Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), to Chapter 7 proceedings and found it inapplicable to proceedings under Chapter 11.

## MEMORANDUM

The sole issue presented by this appeal is whether *Dewsnup* should be interpreted to preclude the use of §§ 506(a) and (d) to avoid liens in a Chapter 11 proceeding. Because the Court finds that *Dewsnup* definitively resolved the meaning of § 506 for all purposes under the Bankruptcy Code, its holding precludes the stripping down of liens in a Chapter 11 proceeding.

Section 506 provides in relevant part:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under § 553 of this Title, is a

secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

\*　　\*　　\*　　\*　　\*　　\*

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void . . .

Notwithstanding the apparent plain meaning of this language and contrary to numerous lower court decisions, the United States Supreme Court held that §§ 506(a) and (d) should be read separately and that § 506(a) should not be interpreted to define the phrase "allowed secured claim" as used in § 506(d). Specifically, the Supreme Court stated as follows:

> Therefore, we hold that § 506(d) does not allow petitioner to "strip down" respondent's lien, because respondent's claim is secured by a lien and has been fully allowed pursuant to § 502. Were we writing on a clean slate, we might be inclined to agree with petitioner, that the words "allowed secured claim" must take the same meaning in § 506(d) as in § 506(a)3. But, given the ambiguity in the text, we are not convinced Congress intended to depart from the pre-code rule that liens pass through bankruptcy unaffected.

Footnote 3 states as follows:

> Accordingly, we express no opinion as to whether the words "allowed secured claim" have different meaning in other provisions of the Bankruptcy Code.

*Dewsnup*, —— U.S. at ——, 112 S.Ct. at 778.

The debtor urges the Court to interpret *Dewsnup* as applying only to Chapter 7 proceedings. At least one other Bankruptcy Court has taken this approach. *In re Butler*, 139 B.R. 258, 259 (E.D.Okla.1992). The Court finds no basis for such a holding. *Dewsnup* definitively resolved the meaning of § 506 of the Bankruptcy Code.

Section 103(a) of the Code provides in relevant part that "Chapters 1, 3 and 5 of this title apply in a case under Chapters 7, 11, 12 or 13 of this title." It would be unreasonable to hold that § 506 of the Bankruptcy Code has one meaning when applied to Chapter 7 proceedings and another when applied to Chapter 11 proceedings. Footnote 3 in *Dewsnup* confirms this interpretation by declining to express an opinion as to the meaning of the phrase "allowed secured claim" only as it is used *"in other provisions of the Bankruptcy Code."* —— U.S. at ——, 112 S.Ct. at 778. Concerning § 506(d) the matter is resolved regardless of the chapter of the code in which the section is applied.

Both the Bankruptcy Court in this case and the Court in *In re Butler* questioned the propriety as a matter of bankruptcy policy of the Supreme Court's holding in *Dewsnup*. While such a discussion may be academically interesting, there is no basis for ignoring a clear holding of the Supreme Court on the basis of a disagreement with the Court's considerations. The Bankruptcy Court for the Central District of California recently addressed the holding and its application in Chapter 11. After extensive criticism of that holding, the Court properly reached the following conclusion:

> Although I prefer the result in *Butler* to that in *Dewsnup*, I do not believe that I have the discretion to choose. I find the reasoning in *Butler* unpersuasive for the reasons stated above—the court construed a statute that applies in all chapters. The language quoted by *Butler* concerns the court's rationale for *why* it chose the construction of 506(d) that it did. Nowhere in *Dewsnup* can I find the conclusion that § 506(d) means one thing in Chapter 11 and another in Chapter 7. It should also be noted that to construe a section of Chapter 5 of the Bankruptcy Code to have a different meaning in Chapter 7 than it has in Chapter 11 would involve the same faulty statutory analysis as engaged in by the *Dewsnup* majority and criticized in the *Dewsnup* dissent.

*In re Taffi,* 144 B.R. 105, 114 (Bankr. C.D.Cal.1992).

*Dewsnup* precludes the use of §§ 506(a) and (d) to strip down the lien of appellant and the Bankruptcy Court's order is reversed.

### ORDER

IT IS ORDERED that the decision of the Bankruptcy Court is REVERSED and that the debtor's motion to void appellant's lien is DENIED.