**In re Kenneth E. RHEA, Debtor.**

**No. 94–12571–MAM–11.**

United States Bankruptcy Court,
S.D. Alabama.

Oct. 2, 1997.

Irvin Grodsky, Mobile, AL, for debtor.

Carol Koehler Ide, Trial Attorney, Tax Division, Washington, DC, for the United State of America, Tax Division.

### ORDER DETERMINING VALIDITY OF PARAGRAPH 4.0 OF DEBTOR'S PLAN WHICH ALLOWS CANCELLATION OF INTERNAL REVENUE SERVICE LIEN

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on the objection of the United States of America, Internal Revenue Service, to the validity of a portion of paragraph 4.01 of the Debtor's amended plan of reorganization filed September 2, 1997. There were no other objections to the plan and the Court confirmed the plan, with the consent of the IRS, subject to the Court ruling on the issue stated above.

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order.

Appearances were as noted in the record. Briefs were filed by both the Government and Debtor's counsel. The issue to be decided is strictly a legal one.

Based upon the briefs, the plan, and the law, the Court concludes that the provision of the Debtor's plan which cancels the Government's lien upon payment in full of the allowed amount of its secured claim is valid and enforceable.

### LAW

Prior to his bankruptcy, the IRS filed a tax lien against Dr. Rhea for over $61,000. At the time of confirmation of his chapter 11 plan, the value of the assets subject to the lien was only $2,400. Therefore, the IRS has a general unsecured claim in Dr. Rhea's case of approximately $60,000 due to its underse-

cured status. Dr. Rhea also owes the IRS over $340,000 in priority taxes.

The plan, as confirmed, provides for payment of the priority tax claim over time in a manner acceptable to the IRS and Dr. Rhea. The plan provides that the secured claim of $2,400 will be paid in full with interest within 30 days after the effective date of the plan. The unsecured claim of the IRS will be paid 10% of the amount of the claim over time.

As to the secured claim, the amended plan provides, at paragraph 4.01, as follows:

> The Internal Revenue Service shall retain its lien until the allowed amount of its secured claim is paid in full and it shall cancel said lien upon payment of the allowed amount of its claim.

The IRS contends that this paragraph is inappropriate in light of the case of *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). If the IRS must release its lien after payment of only $2,400, its priority claim of over $340,000 will be unsecured if Dr. Rhea defaults in the payments he is committed to make under the plan. Then, as stated in the IRS brief, "[t]he debtor could begin to acquire assets more quickly than the IRS could file a new Notice [of Federal Tax Lien], and the United States will have lost its seniority against intervening security interests."

The Debtor contends that the *Dewsnup* case does not apply to chapter 11 cases which are governed by the provisions of the Bankruptcy Code dealing with plans. *In re Haas*, 195 B.R. 933, 942 (Bankr.S.D.Ala.1996), *aff'd* CA 96–0502–AH, 80 A.F.T.R.2d 97–6055 (S.D.Ala., August 12, 1997); *In re Butler*, 139 B.R. 258 (Bankr.E.D.Okla.1992).

The Court concludes that the reasoning of the *Haas* and *Butler* cases is correct. The *Dewsnup* case does not apply to liens in chapter 11 plans of reorganization. The Court adopts the reasoning of the cases without restating it in full. If the *Haas* and *Butler* cases are not correct, there would be little reason for 11 U.S.C. §§ 1123 and 1129(b)(1) to be in the Bankruptcy Code.

THEREFORE IT IS ORDERED that all of paragraph 4.01 of the amended plan of reorganization of Dr. Kenneth Rhea is valid and enforceable.